■ DAVID BROSER, as Administrator of the Estate of LAURIE J. BROSER, Deceased, an Infant, Appellant, v. BERNARD STERNBACH et al., Respondents.— In an action to recover damages for wrongful death, the appeal is from a judgment dismissing the complaint at the close of plaintiff's case, during a trial before the court and a jury. The intestate, a girl three years of age, was playing on a bed next to a window which was open from the bottom and in which there was an ordinary window screen. Her mother and older sister were sleeping in another bed in the same room. In some manner, the screen gave way and the child fell from the window, sustaining injuries which resulted

in her death. There is no evidence as to why the screen fell from the window and the precise cause of the accident is purely conjectural. Judgment affirmed, without costs. No opinion. Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: The window screen in this case was not an "ordinary" removable screen, but one that was permanently affixed to the window frame by nails. While an owner of a multiple dwelling is not required to place a bar across windows as an additional precaution against persons falling out, when he furnishes a screen permanently affixed to the window frame so that it partakes of the nature of a window bar, he is liable for defects in that bar. This is sufficient to make out a prima facie case requiring reversal and a new trial.